# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTY GLEN ALLEN,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>J. WALKER,<br><br>　　　　　　Respondent.<br>_____/ | 1:07-cv-01751 DLB (HC)<br><br>ORDER REGARDING RESPONDENT'S MOTION TO DISMISS, GRANTING PETITIONER'S REQUEST TO WITHDRAW UNEXHAUSTED CLAIMS, AND DIRECTING RESPONDENT TO FILE ANSWER ADDRESSING MERITS OF EXHAUSTED CLAIMS WITHIN FORTY-FIVE DAYS FROM DATE OF SERVICE OF THIS ORDER<br><br>[Docs. 10, 15] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

BACKGROUND

Following jury trial in the Tulare County Superior Court, Petitioner was convicted of first degree residential burglary (Cal. Penal Code § 459[1]), felony and misdemeanor vandalism (§ 594), and misdemeanor disturbing the peace (§ 415).  (See Lodged Doc. No. 11.)  It was further alleged and found true that Petitioner suffered two prior serious felony convictions and two prior "strike" convictions.  (Id.)  Petitioner was sentenced to a total term of twenty-five years to life, plus ten years.  (Id.)

Petitioner filed a timely notice of appeal to the California Court of Appeal, Fifth Appellate District.  On September 29, 2006, the Court of Appeal affirmed the judgment. (Lodged Doc. No. 4.)

---

[1] All further statutory references are to the California Penal Code unless otherwise indicated.

1

1   On or about October 30, 2006, Petitioner filed a petition for review in the California
2   Supreme Court. (Lodged Doc. No. 5.) The petition was denied on December 13, 2006. (Lodged
3   Doc. No. 6.)
4   In the interim, on November 15, 2006, Petitioner filed a petition fir writ of habeas corpus
5   in the California Supreme Court. (Lodged Doc. No. 7.) The petition was denied on May 23,
6   2007. (Lodged Doc. No. 8.)[2] During the pendency of the November 15 petition, Petitioner filed
7   a second petition for writ of habeas corpus in the California Supreme Court on December 18,
8   2006. (Lodged Doc. No. 9.) That petition was also denied on May 23, 2007. (Lodged Doc. No.
9   10.)
10  Petitioner filed the instant federal petition for writ of habeas corpus on December 3, 2007.
11  Respondent filed the instant motion to dismiss on February 8, 2008, arguing that the instant
12  petition is subject to dismissal as it contains both exhausted and unexhausted claims. (Court
13  Doc. 10.) On February 22, 2008, Petitioner filed a response to the motion entitled "Motion to
14  Amend." (Court Doc. 15.)

15  A.   Procedural Grounds for Motion to Dismiss

16  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
17  petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the
18  petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to
19  Rule 5 of the Rules Governing Section 2254 Cases state that "an alleged failure to exhaust state
20  remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as
21  to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss on the
22  ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss
23  under Rule 4 of the Rules Governing Section 2254 Cases. See e.g. O'Bremski v. Maass, 915
24  F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley,
25  533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254
26  Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its

---

[2] Respondent submits that he was unable to obtain copies of these orders to date and when the documents are received they will be lodged with the Court.

authority under Rule 4.

B.     Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888. A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court. See Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666,

669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Petitioner raises the following four grounds for relief: (1) "his right to due process as guaranteed by the 14th [A]mendment of the U.S. Constitution was violated when the court failed to give [a] unanimity instr[uction]. . . ."; (2) "his right to due process under the 14th [A]mendment of the U.S. Constitution was violated when there was no evidence of a felonious purposes."; (3) his right to due process under the 14th Amendment was violated when the court admitted evidence of uncharged offenses; (4) his right to due process and right to be free from cruel and unusual punishment was violated when the trial court abused its discretion.

In his motion to dismiss, Respondent concedes that Grounds One through Three were

presented to the California Supreme Court for review and are exhausted; Respondent argues, however, that Ground Four was not presented to the California Supreme Court and is not exhausted. Specifically, Respondent submits that in the petition for review filed in the California Supreme Court, Petitioner argued only that the court abused its discretion by failing to grant his motion to strike his prior convictions. Petitioner made no mention that the claim violated the Federal constitution, and he did not refer to the due process or cruel and unusual punishment provisions of the Constitution. (See Lodged Doc. No. 5.)

In his motion to amend, Petitioner concedes that Ground Four of the instant petition was not exhausted and requests dismissal of the claim. (Court Doc. 15, Motion.) As the Court must allow the Petitioner to withdraw any unexhausted claims and proceed with the exhausted claims in lieu of dismissal, Petitioner's request to withdraw Ground Four is GRANTED, and the petition shall proceed on Grounds One through Three. Consequently, in light of Petitioner's withdrawal, Respondent's motion to dismiss the unexhausted claim is now moot.

Based on the foregoing, it is HEREBY ORDERED that:

1. Petitioner's request to withdraw Ground Four of the Petition is GRANTED, and the claim is DISMISSED, without prejudice;
2. Respondent's motion to dismiss the instant petition as a mixed petition is DENIED as MOOT;
3. Within forty-five (45) days from the date of service of this order, Respondent shall file an answer addressing the merits of Grounds One through Three;
4. Within thirty (30) days from the date Respondent files his answer, Petitioner may file a traverse; and,
5. All other provisions of the Court's December 10, 2007, order to respond remain in full force and effect.

IT IS SO ORDERED.

Dated:   **March 3, 2008**                    /s/ Dennis L. Beck
                                      UNITED STATES MAGISTRATE JUDGE