# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTY GLEN ALLEN, | 1:07-cv-01751 DLB (HC) |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR ACCESS TO LAW LIBRARY |
| v. | [Doc. 14] |
| J. WALKER, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

On February 22, 2008, Petitioner filed a motion requesting access to the law library. (Court Doc. 14.)  In his motion, Petitioner states that there are restrictions on access to the prison law library and the running of the statute of limitations does not constitute a "30-day deadline." (Motion, at 1.)  Petitioner is, in essence, requesting the Court to issue injunctive relief by directing prison officials to grant him access to the law library.

Rule 65(b) of the Federal Rules of Civil Procedure allows the Court to issue a temporary restraining order.  The Court can issue a temporary restraining order if the moving party has shown either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762

1  F.2d 1374, 1376 (9th Cir. 1985), *quoting* Apple Computer, Inc. v. Formula International, Inc.,
2  725 F.2d 521, 523 (9th Cir. 1984).  The two formulations represent two points on a sliding scale
3  with the focal point being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at
4  1376.  "Under either formulation of the test, plaintiff must demonstrate that there exists a
5  significant threat of irreparable injury."  Id.  In the absence of a significant showing of irreparable
6  injury, the Court need not reach the issue of likelihood of success on the merits.  Id.

7        A prisoner alleging an access to the courts violation must demonstrate that he has
8  suffered or will imminently suffer actual injury.  Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174,
9  2179 (1996).  "An inmate cannot establish relevant actual injury simply by establishing that his
10 prison's law library or legal assistance program is sub-par in some theoretical sense."  Id. at 2180.
11 The inmate must show that the library "hindered his efforts to pursue a legal claim."  Id.  To
12 satisfy the actual-injury requirement, an inmate must "demonstrate that a nonfrivolous legal
13 claim had been frustrated or was being impeded."  Id. at 2181.  Furthermore, "the injury
14 requirement is not satisfied by just any type of frustrated legal claim," but rather, the legal claim
15 which was allegedly interfered with must involve either an inmate's attempt to attack his
16 sentence or an action to challenge the conditions of his confinement.  Id. at 2181-82.  The Ninth
17 Circuit has interpreted this to mean that the right extends only through the pleading stage, and is
18 not a right to successfully litigate the matter through resolution.  See Cornett v. Donovan, 51
19 F.3d 894, 898 (9th Cir. 1995).

20       Petitioner has failed to demonstrate that he suffers actual injury as a result the limited
21 access to the law library.  Although Petitioner contends that he requires additional time in the
22 library, such a generalized allegation fails to demonstrate imminent or actual injury, as required
23 by Lewis v. Casey.  In addition, Petitioner has filed a response to the pending motion to dismiss,
24 and as outlined in the order issued concurrently herewith, the petition is proceeding forward on
25 the three exhausted claims.  Because petitioner has not made an adequate showing that he is
26 imminent danger of suffering irreparable injury, petitioner cannot prevail on his motion for
27 temporary restraining order.

28       Further, petitioner makes general allegations concerning the problems he has encountered

1 at the law library.  A petition for writ of habeas corpus concerns whether petitioner's conviction
2 and confinement violate the Constitution. 28 U.S.C. § 2254 (a).  Challenges to prison conditions
3 are properly brought under 42 U.S.C. § 1983.  <u>McCarthy v. Bronson</u>, 500 U.S. 136, 141-42, 111
4 S.Ct. 1737, 1741-42 (1991);  <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 499, 93 S.Ct. 1827, 1841
5 (1973); Advisory Committee Notes to Rule1 of the Rules Governing Section 2254 Cases.  As
6 discussed above, petitioner's contention is that one of respondent's subordinates is restraining
7 many prisoners' access to the courts.   This appears to concern a condition of Petitioner's
8 confinement and is not proper in a habeas corpus petition.
9 　　　　Accordingly, it is HEREBY ORDERED that plaintiff's motion for access to the law
10 library is DENIED.
11 　　　　IT IS SO ORDERED.
12 　　　　**Dated:**   **March 3, 2008**　　　　　　　　/s/ **Dennis L. Beck**
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE