# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTY GLEN ALLEN,<br><br>             Petitioner,<br><br>     v.<br><br>J. WALKER,<br><br>             Respondent. | 1:07-cv-01751 DLB (HC)<br><br>ORDER DENYING PETITIONER'S MOTION TO STAY PROCEEDINGS<br><br>[Doc. 22] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

Now pending before the Court is Petitioner's motion to stay and hold the petition in abeyance while he exhausts Ground Four of the petition.  Petitioner's motion shall be denied.

On February 8, 2008, Respondent filed a motion to dismiss the petition on the basis that Ground Four was unexhausted.  (Court Doc. 10.)  On February 22, 2008, Petitioner conceded that Ground Four was unexhausted and requested to delete the claim from the petition.  (Court Doc. 15.)  Accordingly, on March 4, 2008, the Court granted Petitioner's request to withdraw Ground 4, and denied Respondent's motion to dismiss as moot.  (Court Doc. 16.)

The Court has the authority to stay federal habeas corpus proceedings when the petition is mixed (contains both exhausted and unexhausted claims).  Rhines v. Weber, 544 U.S. 269 (2005).  In Rhines v. Weber, the Supreme Court noted that, while the procedure should be

"available only in limited circumstances," it "likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278.

Petitioner has not set forth any facts to show good cause for a stay, and there is no indication of his diligence in pursuing the unknown claims. Indeed, Petitioner provides no explanation whatsoever as to why he did not seek to present the claims to the state court before filing in this Court. In addition, although the instant motion was filed prior to the filing of a formal answer to the petition, it was filed after the court directed a response, after Respondent filed a motion to dismiss the claim as unexhausted, and after Petitioner filed a motion to delete the unexhausted claim, making no request that the petition be stayed. The lack of diligence on Petitioner's part gives an indication that he is attempting to engage in dilatory litigation tactics. Furthermore, although Petitioner raises a cruel and unusual sentence claim, he provides no factual or legal basis in support of his argument. As stated in Respondent's motion to dismiss, Petitioner did not raise this claim in the state court as a federal constitutional violation. Rather, Petitioner argued only that the trial court abused its discretion by failing to grant a motion to strike his prior conviction. Accordingly, without sufficient factual and legal argument, this Court cannot determine whether any federal constitutional violation is potentially meritorious. Petitioner's motion appears to be completely unfounded and is without merit, and is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **September 23, 2008**              /s/ **Dennis L. Beck**
                                             UNITED STATES MAGISTRATE JUDGE